IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **CONTEXT DIRECTIONS LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**TYLER MOTOR COMPANY, INC.,**<br><br>Defendant. | Case No.  2:25-cv-00955 |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Context Directions LLC ("Context Directions" or "Plaintiff") files this Complaint for Patent Infringement against Tyler Motor Company, Inc. dba Hall Buick GMC ("TMC" or "Defendant"), and alleges as follows:

**I. PARTIES**

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware with a place of business at 261 West 35th St., Suite 1003, New York, NY 10001

2. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Delaware with a registered agent Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. Defendant also maintains a place of business in this judicial District at 3010 S Southwest Loop 323, Tyler, Texas 75701.

**II. JURISDICTION AND VENUE**

3. This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction of such action under 28 U.S.C. §§ 1331 and 1338(a).

4. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Texas Long-Arm Statute, due at least to its business in this forum, including at least a portion of the infringements alleged herein at 3010 S Southwest Loop 323, Tyler, Texas 75701.

5. Without limitation, on information and belief, within this state, Defendant has sold and offered for sale Accused Products that are covered by the patented inventions thereby committing, and continuing to commit, acts of patent infringement alleged herein. In addition, on information and belief, Defendant has derived revenues from its infringing acts occurring within Texas. Further, on information and belief, Defendant is subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in Texas. Further, on information and belief, Defendant is subject to the Court's personal jurisdiction at least due to its sale of products and/or services within Texas. Defendant has committed such purposeful acts and/or transactions in Texas such that it reasonably should know and expect that it could be haled into this Court as a consequence of such activity.

6. Venue is proper in this district under 28 U.S.C. § 1400(b). On information and belief, Defendant has businesses in this district at 3010 S Southwest Loop 323, Tyler, Texas 75701. On information and belief, from and within this District, Defendant has committed at least a portion of the infringements at issue in this case.

7. For these reasons, personal jurisdiction exists and venue is proper in this District under 28 U.S.C. § 1400(b).

### III. COUNT I
### (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 9,807,564)

8. Plaintiff incorporates the above paragraphs herein by reference.

9. On October 31, 2017, United States Patent No. 9,807,564 ("the '564 Patent") was duly and legally issued by the United States Patent and Trademark Office. The '564 Patent is titled "Method for Detecting Context of a Mobile Device and a Mobile Device with a Context Detection Module." A true and correct copy of the '564 Patent is attached hereto as Exhibit A and incorporated herein by reference.

10. Context Directions is the assignee of all right, title, and interest in the '564 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '564 Patent. Accordingly, Context Directions possesses the exclusive right and standing to prosecute the present action for infringement of the '564 Patent by Defendant.

11. The claimed invention relates to the field of detecting context of a mobile device and to a mobile device having context detection modules. At the time of the original invention there was a problem of how a mobile device was able to use the onboard sensors to detect the current environment, activity, and circumstances of the user. With these sensors, and automatic use of the sensors, allows for safer operation of the mobile device when it can recognize the contexts.

12. The prior art methods included detecting the approximate position on the basis of the signals of cell phone towers, however, this prior method required compromising a delay in detection and accepting that there would be many false positives detecting the proper context. Another method was to analyze the speed of the device using GPS, however this required large amounts of power reducing operating time of the mobile device, or reducing the amount of detecting the device could do to maintain its power capacity.

13. The inventors recognized the utility in creating an energy efficient and timely method that enables the mobile device to be more efficient.

14. **Infringement**. TMC has been and continues to directly infringe at least claims 1 and 23 of the '564 Patent in this District and elsewhere in the United States by selling and/or offering for sale in the United States, without authorization, at least the used 2017 Hyundai Santa Fe Limited Ultimate, 2020 Hyundai Sonata Sel Plus, 2021 Hyundai Palisade Limited, 2024 Hyundai Tucson XRT, 2022 RAM 1500 Rebel Crew Cab, 2025 RAM Big Horn, 2017 Toyota Prius Three Touring, 2020 Toyota Tundra TRD Pro, 2021 Toyota C-HR XLE, 2021 Toyota Tundra SR5, and 2023 Toyota Tundra Hybrid 1794 Edition vehicles (collectively "Accused Products"). For example, as shown in the attached claim charts (Exhibit B-D), the Accused Products infringe at least Claims 1 and 23 of '564 Patent.

15. Moreover, Defendant's acts of direct and indirect infringement of the '564 Patent occurred with Defendant's full knowledge that their selling and offering for sale of the Accused Products constitutes infringement of the '564 Patent. In particular, on or about October 31, 2023, Plaintiff provided written notice to Defendant regarding its infringement of the '564 Patent. Defendant was thus made aware of the '564 Patent and the fact that Defendant was selling and/or offering for sale a patent-protected product, but since then has continued to sell and/or offer for sale the Accused Products. Defendant's infringement thus has been willful, subjecting it to treble damages in accordance with 35 U.S.C. § 284 as well as an award to Context Directions of its attorneys' fees in accordance with 35 U.S.C. § 285.

16. Context Directions is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

17. Context Directions will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

### IV.  COUNT II
### (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 10,142,791)

18. Plaintiff incorporates the above paragraphs herein by reference.

19. On October 31, 2017, United States Patent No. 10,142,791 ("the '791 Patent") was duly and legally issued by the United States Patent and Trademark Office. The '791 Patent is titled "Method and System for Context Awareness of a Mobile Device." A true and correct copy of the '791 Patent is attached hereto as Exhibit F and incorporated herein by reference.

20. Context Directions is the assignee of all right, title, and interest in the '791 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '791 Patent. Accordingly, Context Directions possesses the exclusive right and standing to prosecute the present action for infringement of the '791 Patent by Defendant.

21. The '791 Patent shares the identical specification as the '564 patent and therefore Context Directions incorporates the background and discussion in Paragraphs 11-13.

22. **Infringement**. TMC has been and continues to directly infringe at least claim 1 of the '791 Patent in this District and elsewhere in the United States by selling and/or offering for sale in the United States, without authorization, at least the used 2017 Hyundai Santa Fe Limited Ultimate, 2020 Hyundai Sonata Sel Plus, 2021 Hyundai Palisade Limited, 2024 Hyundai Tucson XRT, 2022 RAM 1500 Rebel Crew Cab, 2025 RAM Big Horn, 2017 Toyota Prius Three Touring, 2020 Toyota Tundra TRD Pro, 2021 Toyota C-HR XLE, 2021 Toyota Tundra SR5, and 2023 Toyota Tundra Hybrid 1794 Edition vehicles (collectively "'791 Patent Accused Products"). For

example, as shown in the attached claim charts (Exhibit F-H), the sale of the '791 Patent Accused Products infringes at least claim 1 of the '791 patent.

23. Moreover, Defendant's acts of direct and indirect infringement of the '791 Patent occurred with Defendant's full knowledge that their selling and offering for sale the '791 Patent Accused Products constitutes infringement of the '791 Patent. In particular, on or about October 31, 2023, Plaintiff provided written notice to Defendant regarding its infringement of the '791 Patent. Defendant was thus made aware of the '791 Patent and the fact that Defendant was selling and/or offering for sale a patent-protected product, but since then has continued to sell and/or offer for sale the '791 Patent Accused Products. Defendant's infringement thus has been willful, subjecting it to treble damages in accordance with 35 U.S.C. § 284 as well as an award to Context Directions of its attorneys' fees in accordance with 35 U.S.C. § 285.

24. Context Directions is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

25. Context Directions will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Defendant, granting the following relief:

a. Judgment that one or more claims of United States Patent No. 9,807,564 have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that one or more claims of United States Patent No. 10,142,791 have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

c. Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

    d.      As a consequence of Defendant's willful infringement, trebling the foregoing damages award in accordance with 35 U.S.C. § 284;

    e.      An award of attorneys' fees to Plaintiff pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

    f.      That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein; and

    g.      That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

## V. JURY DEMAND

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: September 16, 2025

Respectfully submitted,

*/s/Steven G. Kalberg*
David R. Bennett (IL Bar No. 6244214)
Steven G. Kalberg (IL Bar No. 6336131)
*(Admitted to U.S. District Court for the Eastern District of Texas)*
DIRECTION IP LAW
P.O Box 14184
Chicago, IL 60614-0184
Telephone: (312) 291-1667
Email: dbennett@directionip.com
Email: skalberg@directionip.com

**ATTORNEY FOR PLAINTIFF
CONTEXT DIRECTIONS LLC**